Wy-ly, J.,
dissenting. Walker and Vaught, alleging that they were mortgage creditors of the succession of W. R. Ward, and were proceeding to foreclose their mortgage in the district court, enjoined the sale of the mortgaged property ordered by the parish court on fifteenth December, 1869, R. B. Todd being their surety on the injunction bond for five hundred dollars. It was subsequently determined by this court on the trial of said injunction, that they were not mortgage creditors, but ordinary creditors of said succession; that they had no right to enforce the mortgage set up by them, and the injunction was dissolved, nothing being said in the decree in reference to damages which were claimed in that suit. Plaintiff^ the administrator of the succession of Ward, now sues for $7500 damages, which he alleges the succession incurred on account of the wrongful issuing of said injunction, said damages consisting of $500 attorney’s fees and $7000 loss sustained by said succession in the depreciation of the value of the mortgaged property pending the injunction, which suspended the sale thereof from December, 1869, till August, 1871.
Plaintiff, in his brief, bases his action for damages on the injunction bond, and contends that although said bond is only for five hundred dollars, the surety is liable in solido with his principals for whatever damages plaintiff has sustained on account of said injunction. I agree with the majority of the court that the suit must be dismissed as to Walker and Vaught, citizens of New Orleans, for want of jurisdiction ratione persona. They must be sued before their own judge. C. P. 162. But I differ with the majority of the court in regard to the jurisdiction of the court a qua as to Todd, the surety on the injunction bond. As to him, I-think the district court was without jurisdiction rations materia, his obligation on the bond (the matter in dispute) being less than $500.
The plaintiff can not be serious in alleging that the surety on an injunction bond is liable beyond the amount thereof in a suit based, as he contends in his brief, on the bond. Indeed, the bond .evidences the only obligation of Todd, the surety, and it alone gives any cause of action against him. Without the bond Todd was a stranger to the suit which caused the damages of which plaintiff complains. Here *568 then is a suit based on a bond for $500, and the plaintiff proposes to give the district court jurisdiction by a simple allegation that Todd, the surety, owes him on said bond $7500. The demand beyond $500 is purely fictitious, and ought to be entitled to no more weight than a like allegation would have in a suit based on a note for $500.
It will not be pretended that if Mr. Todd were sued upon a note for $500 the attorney for plaintiff could give the district court jurisdiction by simply alleging that he owed on said note $7500, or any other sum in excess of what appeared on the note itself. But it is gravely argued that as plaintiff claims that Todd owes him on the $500 bond $7500, the parish court was without jurisdiction to determine that question, that is, whether he owes on the bond more than the amount thereof. The same might with equal apparent seriousness be said of a suit on a note for $500 where the plaintiff would claim $7500. In my opinion the argument is frivolous. It was impossible to give the district court jurisdiction of a suit against a surety on a bond for $500, simply because ingenious counsel in framing the petition assert that he owes on said bond more than ten times the amount thereof, or $7500. Courts deal with substances not shadows — realities, not fictions. I think the jurisdiction of the court, as fixed in the constitution, should not be altered by such a shallow device. I therefore dissent.
Rehearing refused.